May it please the Court, my name is Burgess Raby and I'm here representing the Taxpayer Appellant, METRO Leasing and Development Corporation. I'd like to reserve three minutes for rebuttal. We are here today on an appeal from two tax court decisions, one of which supplements the first, regarding cases of accumulated earnings loss and other cases of accumulated earnings loss. The taxpayer in question is a company that has had only three officers, was engaged in the business of leasing property, purchasing a sale of real property and leasing of automobiles. The facts are not in dispute. During 1995, the company made a sale of real property, South San Francisco, sold in excess of $2.5 million, had a gain of $1.8 million on that sale. The taxpayer does not dispute the imposition of the accumulated earnings tax. What we are talking about today and what is on appeal is the method of calculating the amount of that tax. There is one case decided by an appellate court on this issue, the case of J.H. Rederects Manufacturing. In that case, the Court of Appeals for the Fifth Circuit determined that in calculating the accumulated earnings tax, the amount of paid taxes that were contested and that were paid before the accumulated earnings tax was imposed were allowed as a deduction in determining the amount of accumulated income for purposes of that tax. Does it make a difference that it's actually a penalty as opposed to a tax? Yes, it does, Your Honor, because the language of the statute is accrued income taxes. The regulation that is relevant, Section 1.535-2A1, adds to that language an unpaid tax which is being contested is not considered accrued until the contest is resolved. So is a penalty an unpaid tax? No, Your Honor. The point is that the Supreme Court and Ivan Allen determined that the accumulated earnings tax is a penalty and therefore should be strictly construed. The government has added the language unpaid tax but has argued to the tax court and the tax court itself has decided that the language unpaid tax is not relevant and basically that language in the regulation should be read as if unpaid was not present. So that any tax that is contested cannot be considered accrued until that contest is resolved. That position of the tax court, that position of the government, flies in the face of the purpose of the accumulated earnings tax. Well, we have – I read last night, I guess it was the language of Judge Hall of our court when she sat on the tax court. And one of the interesting points that she made in her opinion was that the real purpose of this penalty is in essence to encourage rather strongly the taxpayer to distribute dividends, but the actual amount of the tax is determined by the IRS. It is not unlike the personal holding company tax where there was some confusion in the tax court. The personal holding company tax is something that the taxpayer assesses itself at the end of the year. But I think her point is that because of the fact that it is the taxpayer which determines the amount of earnings to distribute or to withhold or retain, that in essence the risk is on the taxpayer that if you don't distribute a sufficient amount of the earnings in order to avoid a retention problem, then it's not unfair to impose the penalty no matter when it's paid. Well, but, Your Honor, we're not disputing that. I'm sorry, Your Honor. I didn't mean to interrupt. And not give you credit for that. That's not unfair. Well, but the point is, Your Honor, that it is a penalty, yes.  What we are disputing or what we are asking this Court to decide is the proper manner of calculating the amount of those earnings to which the tax applied. And we are submitting that the only circuit court to review this matter, Rutter-Rex, looked at it and said it is only fair to take into account the earnings after the taxes are paid. The IRS is coming in and assessing the accumulated earnings tax as of a date. The taxpayer has paid the taxes prior to that date. They admittedly are contesting them, but they are admitting that there is at least a reasonable likelihood that they will lose. Would not it be totally unreasonable for a taxpayer to be paying a dividend of an amount that it already has concededly paid to the government? If that is the purpose of the accumulated earnings tax, then how can the taxpayer be taxed on earnings that it already has admitted that it will owe to the government? Because it's a penalty as opposed to a simple tax. That's how I understand the distinction. I understand. But then what is the purpose of the IRS, of the Treasury, in putting in the word unpaid in their regulation? They draw a distinction there between unpaid and paid. The difficulty that the taxpayer has with that decision of the tax court and the government's position is that there is no distinction according to the government. There is no distinction according to the government. So you think the person that pays it up front should at least get the benefit of that as opposed to the person that just contests it and doesn't pay it? Yes, Your Honor. We are saying first that that is only logical in the context of the tax itself, the purpose of the tax. We are saying that the language of the regulation is to be strictly construed. The IRS did not need to put in the word unpaid. But by virtue of the way that it's a penalty, it's separated from the time they should have originally been paying out dividends or whatever, correct? Yes. So, I mean, here it was in 2001 they paid it for, and it goes back to 1995? 1995. Yes, Your Honor. But that is not the construct of the statute. If you look at the regulation and the statute, the interpretation given by the tax court and by the government in this case would hold, then, that there are no taxes that are ever deductible. Because if you look at tax accounting, taxes that have to be accrued by the end of the year and paid by the end of the year, even estimated taxes are not deemed paid until after the year for which they are paid. So the language of the regulation would say that you can never deduct in calculating accumulated earnings for purposes of the accumulated earnings tax any taxes, any federal income taxes. I'm sorry. Are you asking us to adopt the Fifth Circuit case, or are you asking us to go further? I'm asking you only to look at the Fifth Circuit and reach the same conclusion that they did, applying the same analysis to substantially the same facts. But penalties, as opposed to penalties. The Fifth Circuit case is directly on point with this case. It involved an accumulated earnings tax, contested taxes that were paid before the accumulated earnings tax was imposed. I keep harping on the same point, but why wasn't Judge Hall correct and Doug Long on the tax court when she said that your argument ignores the fact that the accumulated earnings tax is a penalty tax? It is designed to discourage taxpayers from using corporations to avoid income tax. In such circumstances, we would require some evidence of a congressional desire for mitigation of the penalty before we could accept the taxpayers' profit redefinition of accrual. We are cited no authority showing that Congress was concerned that persons in the position of petitioner may never receive a benefit, i.e., a reduction in a penalty due for deductions which it claimed in 1974, but which it was not entitled to. Well, Your Honor, the weight of authority is that you are allowed to deduct taxes whenever they are paid if they are paid and not contested. But clearly you're contesting this. You're right, Your Honor. And it still hasn't been determined because we're here on appeal trying to decide what the proper amount is. That's still never been resolved. But, Your Honor, how can we pay a dividend out of amounts that we've already paid? And the argument I understand you're saying is, the argument is, well, that's just your problem because you didn't pay your – you didn't make a distribution at the right time. In other words, what she is – it's not my argument, it's Justice Hall's argument, which appeals to me as a matter of logic, that the law is designed to require a closely held corporation to sweep out of its bucket of retained earnings every single dollar that it doesn't need for ongoing operations so that it can be declared as income in the form of a dividend and taxed by the closely held shareholders when they receive it. That's what Congress is trying to encourage taxpayers to do with these kinds of corporations. But Congress is also allowing deduction for accrued income taxes for the year, which are not generally deductible. And that is part of the point here. Federal income taxes – and this is where we believe the analysis of the tax court falls short in one of the areas – federal income taxes are never deductible. So to apply the economic performance test or to apply the analysis of state taxes when those are deductible is not appropriate because federal income taxes are never deductible in determining income tax liability. They are deductible in determining the accumulated earnings tax. Congress clearly intended for that. The question then becomes at what point. And the IRS, through the Treasury Department, has adopted regulations that has drawn a distinction between paid and unpaid. We are not standing here arguing that the IRS or the Treasury Department could not have said contested taxes are not deductible for purposes of the accumulated earnings tax. We might argue that that regulation goes beyond the intent of Congress, but that is not the case here. What we simply are arguing is that because the accumulated earnings tax is a penalty and is to be strictly construed, because the Treasury Department, the government, our opposition in this case, promulgated a regulation that referred to unpaid contested taxes, they should be prevented, as the Fifth Circuit held in Rutter-Rex, from going forward and saying unpaid is immaterial. We put that word in there, but it has no meaning. And we want to read it out of the rank. Isn't the answer to your argument it's unpaid in the sense that it's never yet been determined? So it can't be paid until there is a final determination of what the tax is that was due and owing. But there's been some amount paid. The government has the benefit of that money. You paid it, but you want it back. Correct, Your Honor. But then what does unpaid mean in that context? Unpaid contested, we're saying. I guess what unpaid means is uncontested and not yet paid. Well, that certainly was not the decision of the Circuit. To the taxpayer, that flies in the face of the logic of the accumulated earnings tax, but that certainly is within the power of this Court to decide. I think we understand your position. Okay. Thank you. On the unreasonable comp issue, leaving the accumulated earnings tax behind, we are here today because it is unclear to the taxpayer what factors and how Judge Gerber reached his decision. This was not part of the reviewed case that was the subject of the second opinion. Critical disagreement here is the corporation sold a piece of property in 1995. We are not disputing the unreasonable compensation for 1996. The corporation sold a large piece of property in 1995. It had a gain of approximately $1.8 million. It deferred a portion of that gain under the installment sales method. Judge Gerber ignored the deferred portion of the gain. He also chose to ignore the amount of depreciation recapture, which is merely an accounting, tax accounting phrase. It still represents cash that was received in excess of the basis of the property. And in doing so, said, after these adjustments, we will take only the taxable income into account, essentially the capital gain portion that was recognized during the year. What the taxpayer believes is that the amount of gain that should have been taken into account for the year was, in fact, the full financial accounting gain because the closest test to an existing test that Judge Gerber applied is the independent investor test. And the taxpayer submits that independent investors do not look at taxable income, do not make decisions based on taxable income. They make decisions based upon financial accounting. It is financial accounting which is the specific method designed to provide feedback to managers and investors about the amount of income derived by a corporation. And in a financial accounting sense, that gain was derived during the year 1995 from the efforts of the officers, and that full amount of the gain should be brought, should be used for determining reasonable comp for that year. If there are no further questions, I will, having reserved my time, I will. Let me do so. Thank you. May it please the Court, I'm Andrea Tevitz, representing the Commissioner of Internal Revenue, the appellee in this case. I would like to clarify one point very quickly. Mr. Ravy said that there are indicated, or certainly implied, there are two decisions before the Court today. There is one decision before the Court stemming from two opinions of the tax court. And the only year in issue in this appeal is 1995. Mr. Ravy also said that there was only one appellate case before this one construing the language in issue before the Court, and that is, in fact, not so. There is, in addition to the Fifth Circuit's opinion in Rudder-Rex, there is the Eighth Circuit opinion in Goodall, which did arise under the predecessor statute, but is directed at precisely the question before the Court today, what is the meaning for purposes of the income tax deduction for accumulated earnings tax, what is the meaning of a federal income tax accrued during the taxable year? And I want to focus, if I may, the Court's attention on that language, federal income tax accrued during the taxable year. The deduction in Section 535B is not for accrued taxes, and it's an important distinction because it gets to the issue of what is the meaning of accrued. And the taxpayers suggest that the phrase, as they put it, or attributable to the year for which the accumulated earnings tax is being applied. That is not the case. The deduction is for any taxes accrued during the year because, as the Court recognizes, the purpose of the accumulated earnings tax is, or of this computation and the tax, of course, is to determine what amount of income was available to the taxpayer for distribution as dividends, and to the extent that that amount exceeds the reasonable business needs of the corporation to impose a penalty tax, to correct what Congress saw as abuses in closely held corporations of simply keeping excess earnings in order to avoid the tax on dividends. And, well, if I may, to back up, obviously to avoid the double layer of tax, one tax on the corporation's income and then the tax on dividends in the hands of the shareholders. Now, the tax — Can I ask one background question here? Yes. As I understand, both the Valentis are now deceased. Is that correct? I know that Mrs. Valenti is deceased. I honestly don't recall whether Mr. Valenti was deceased. I don't know. In any case, what the Eighth Circuit held in good all was that a contested tax could not be accrued because the settled principles of accrual, the all-events test, require that both the fact of the taxpayer's liability, the existence of the liability, be fixed, and that the amount of that liability be determinable with reasonable accuracy. Now, obviously, a contested tax does not satisfy that standard. A contested tax is one that may never be paid. Both the existence of the liability and its amount are undetermined. The fact that for purposes of accumulated earnings, the accumulated earnings tax deduction — let me, if I can pause for just a minute and then back up. The taxpayer argues that these settled principles of accrual should not apply in this case because the deduction is for an income tax, not from an income tax. And the taxpayer points out correctly that ordinarily federal income taxes are not deductible. But that distinction is not meaningful here because the purpose of the computation under Section 535B is to determine an amount of income to which a tax should be applied. In this case, it's accumulated earnings taxable income to which you apply the accumulated earnings tax. That is no different from allowing any other tax deduction, for instance, a state income tax deduction, to arrive at taxable income for the purpose of the ordinary income tax. In addition, the — there is no meaningful distinction to be made between the resolution of this issue in Goodall and the resolution of the issue before the Court. The taxpayer argues that Goodall is inapplicable because the IRS had not yet — the Treasury, rather, had not yet issued a regulation on the meaning of accrual. Well, all that indicates is that the Eighth Circuit came up on its own with the correct analysis and result in this case, applying ordinary — the well-settled meaning of accrual to the facts before it. What are the policy reasons against accepting the Fifth Circuit reasoning? The Fifth Circuit reasoning — essentially, the Fifth Circuit reasoning involved some equitable concern, that it was — that the — under the personal holding company tax, there was — there were relief provisions that do not exist for purposes of the accumulated earnings tax. That, again, is not a consideration that should have affected the determination. Tax cases are technical. They are decided. There are no equities. Well, the equities are not — the equities cannot overcome the clear intent of Congress, as expressed in the plain language of the statute. And the plain language of the statute before the Court today was that a tax accrued during the taxable year should be deductible for purposes of Section 535. And all that we need to look at to get there is the enormous wealth of authority explaining what is meant by accrual for this purpose. There are — there are, however, strong policy reasons for affirming the tax court's decision in this case. And the taxpayer has repeatedly stated that this is a penalty tax and, therefore, must be strictly construed. The only significance in this context of the fact that it's a penalty case is that it does — both, obviously, the commissioner and the court should make sure that this tax applies to this taxpayer. That is the notion of strictly construing a penalty tax, not to apply the tax to a situation to a taxpayer that is not covered by the statute. There is no question in this case that the accumulated earnings tax applies because the tax — Mr. Raby has now — has now acknowledged that — that the taxpayer is not contesting the imposition of the tax, but only the computation of this particular deduction. Mr. Tavis, let me ask you, if — if the tax is ultimately determined as the tax court determined it, then does the taxpayer get any credit in the year in which the determination is made? In other words, suppose we affirm the tax court. There was a payment made in the interim between 1995 — The payment was made in 2000. 2000. Yes. So from — from an accrual standpoint, and also from an income tax standpoint, wouldn't the taxpayer be allowed to get a credit for the amount of that payment against — in the — in the year in which the final determination is made, or no? The taxpayer would not get — no, the taxpayer would not get a deduction for — for this income tax because it is a Federal income tax. In other words, against its 2001 tax return. No, it would not. On the other — Because of the fact that it's a penalty. No, simply because it's a — it's a Federal income tax, and a Federal income tax is not — Is not deductible. — deductible for purposes of Federal income tax. I'm sorry. I should have — okay. But it's an — but it does raise another point, that the taxpayer has suggested — and again, Mr. Raby has made the same point today — that a contested tax liability would never be deductible for purposes of Section 535B. And if that's — if that's true, then essentially, I suppose, their argument is, what is the meaning of that — what is the meaning of this deduction? Well, again, we return to the language of the statute. Taxes accrued during the taxable — during the taxable year. And if, for instance, the taxpayer had accrued a Federal income tax liability, if — suppose, for instance, that there had been a contested income tax from some previous year, and that was — actually, let me just use the years we have here. In this accumulated earnings tax year before the Court, it's 1995. Suppose that in 1995, the tax court in some entirely other case of the same taxpayer had determined that the taxpayer was liable for an income tax deficiency from, say, 1990. That tax — let's assume that that tax had been contested from 1991 to 1995. The tax court renders a decision. The tax is no longer contested. Let's assume the taxpayer pays it. But whether or not it pays it, it still will have — it will be an accrued tax. That liability would — would be — have been deductible for purposes of this determination of 1995 accumulated earnings tax, because that amount that had been determined by the tax court in 1995 would not have been available to the — to Metro Leasing to distribute as a dividend to its shareholders. And so this — this statute does have, obviously, real meaning. And the tax courts, the government's position in this case, and the tax court's decision in this case, preserve the — well, respect the plain language of the statute and the settled meaning of an accrued — an accrued income tax liability. The regulation does not add the word unpaid somehow to the statute. The regulation focuses on contested. The revenue ruling interpreting — the applicable revenue ruling makes the same point and is, indeed, entitled to considerable deference in this case under Skidmore, as we've explained in our brief, and under Meade v. United States. So what we have in support of the tax court decision in this case is statutory language. We have a regulation. We have a revenue ruling. We have an Eighth Circuit opinion, all supporting the result reached here. And all of those authorities, we would suggest to the court, provide ample support, provide an ample basis on which to affirm the decision of the tax court today. Now, I want to turn in my remaining time to the second issue in the case of reasonable compensation. It's important to note the standard of review in this case. The definition of the factors by which the tax court determined that unreasonable compensation had been paid is a de novo determination. Did the tax court use the correct factors? The answer to that question is very clear, because the tax court followed this court's opinion in Elliott's, which lists five factors, the role of the employee in the company, comparable salaries, the character and condition of the company, was there a compensation — essentially a compensation plan, and significantly, was there a conflict of interest that would suggest that compensation was being paid in lieu of dividends, and that's exactly what did happen in this case. That de novo determination, as I say, there's no basis to question that determination. The question whether the amount of compensation paid was reasonable is a factual determination, subject to reversal, only for clear error. And again, in this case, there has been no clear error in the court's determination that unreasonable compensation was paid. Mr. Raby has suggested today that Judge Gerber failed to explain what he had done and why. Again, Judge Gerber's opinion spells out precisely what he had done, that he took the Elliott's factors and applied them in this — to the facts of this case, including the testimony at trial of the taxpayer's accountant, that Mrs. Valenti would not have been paid the amount she received had she been working anywhere else. To the extent that Judge Gerber went beyond the commissioner's determination of reasonable compensation and added this — Isn't it just the bonus? They are disputing only the tax court's bonus, as it were. Yes, that's correct. The tax court added an amount to — that Judge Gerber — and again, this is explained clearly in his opinion — that Judge Gerber believed represented the — essentially the efforts of Mr. and Mrs. Valenti that brought about the sale in effecting the sale of a piece of property. The tax court did not say, nor could it under controlling authority or, for that matter, under the purpose of the reasonable compensation statute, the tax court could not have said, you are entitled to that entire gain because you own the — it's your company, the company's property, you get the gain. And that's what the argument that's being made here today boils down to, that there was a gain and that Mr. and Mrs. Valenti were somehow entitled to that entire gain as part of their compensation. The reasonable compensation statute looks at the amount of compensation that is reasonable for services. The taxpayers' lengthy and complicated computations do not give any regard to whether the amount that they're suggesting is reasonable compensation for services. There may well be reasons why when you determine a gain, a gain for other purposes, you look at financial income rather than taxable income. There are undoubtedly — there is an explanation, obviously, of why you eliminate depreciation recapture for some purposes but not for others. But the reason that you don't take into account anything — the reason to eliminate depreciation recapture in this case is, obviously, it has nothing to do with compensation for services of the Valentis. And to the extent that the computations — of the three kind of alternate computations that the taxpayer has proposed to result in compensation — a kind of reasonable compensation figure that would be vastly in excess of what was even paid to the Valentis, much less what was allowed by the tax court. And the taxpayer has not given any indication of why this huge amount would represent reasonable compensation and indeed cannot make that argument to the extent, as you have pointed out, Judge Callahan, that they are not contesting the kind of 78,000 determination. The fact that all the — well, the taxpayer's figures, the computations highlight, I think, why the tax court's determination was not clearly erroneous and why these alternate computations, had the tax court made them and adopted them, would be clearly erroneous. They would result in an amount that the court felt was unreasonable. And I am running out of time, but I do just want to emphasize again — this is dealt with in our brief — that this issue of how you compensate that gain never came up below. The taxpayer never, ever said we — the commissioner's reasonable compensation determination was wrong because we are entitled to the gain on the sale of this — the entire gain on the sale of this property. That is a new issue, not properly before the court, and the record would not allow the court to make such a determination even if it were not. Thank you. May it please the Court. I'll be fairly brief. Can you just address her waiver issue there? The waiver issue? Yes. Your Honor, the waiver issue is raised under the Rule 155 computation. There was a determination of unreasonable compensation. Both sides submitted their figures. The tax court chose to not accept the taxpayer's figures. The Rule 155 proceeding, as the court knows, is not an appropriate forum to dispute the settled tax court precedent. That's why we're here on appeal, because there is no real forum. We had a determination of unreasonable comp. We submitted our figures based on the method that Judge Gerber stated he used, which was we calculated those amounts by dividing the increased amount of income earned by the lenny's efforts between the officer-employee and equity holder, which when added to Respondent 76800 determination resulted in an annual reasonable compensation of $89,750. The only forum in which we can challenge the accuracy and the basis on which Judge Gerber went forward with those numbers is here. Is that right? I believe so. Well, so did you, but did you make, in your calculations that you submitted, was your argument contained in that by including figures? In our arguments, Your Honor, we were arguing that there should not be any determination of reasonable comp because of all of these gains that were derived of the activities of the taxpayers and also because of the amount of gain. What we're now discussing is how we calculate the amount of that unreasonable comp. We did put into the record that there was this gain during 1995, that they should be compensated because of the existence of that gain in 1995. That's a different argument than saying we're entitled, in essence, to treat the entire gain as the value, the reasonable value of our compensation. No, no, Your Honor. We have not said that. What we have said is that Judge Gerber erred as a matter of law in not including that gain at all, only the amount that was included on an installment basis for that year. We are not suggesting that the taxpayers, and I will correct that misunderstanding, we are not suggesting in any respect that the taxpayers are entitled to all of that gain as a bonus. We are suggesting, or we are arguing that we would like a determination by this Court that in applying the independent investor test, which is the only thing we can evaluate, that he should have used financial accounting numbers, not income tax numbers, and not limit the amount of gain to the installment amount that was recognized for tax purposes for that year. We are not asking this Court to determine that amount. We are not asking this Court to say that the bonus should include all of that gain. We merely are saying that it is not appropriate to say that the company derived a $1.8 million gain of sales price but in determining the amount of bonus, we are going to take out the depreciation recapture, which again is a tax accounting fiction. It still represents cost. It is a recapture of depreciation, but it still is an amount of gain. It merely converts capital gain into ordinary income, which for a C corporation is immaterial for these years, and we are asking that the amount of gain that is used by Judge Gerber in calculating the bonus amount, if you will, which appears to be an application of the independent investor test on top of the five-factor test, but we're not very clear on that because we know what he did but not exactly how he derived that. We are saying that in doing that, financial accounting is the proper measure of the amount of income, not the tax selection of installment basis, but we are certainly not requesting this Court to make a determination that the full amount of the gain is the amount of the bonus, but we are saying that the full amount of the gain for the year should be included and would be included by an independent investor in evaluating the efforts of the officers during that year. So if we agree with you, then procedurally we would have to remand to the tax court with instructions to apply your theory and then go back and recalculate the amount. Yes, Your Honor, or some variation thereof. It doesn't have to be our theory, but something that takes into account the actual financial gain for the year as opposed to merely the income tax reported gain for the year. Thank you. That was very helpful. In terms of good all, which the government relies on heavily, we would note, as we did in our reply brief, the regulatory language was different in good all. The deficiency was not paid. The tax had not been paid prior to the determination in good all. The statutory language changed from the 1939 code that was determined in good all to the 1954 code, and Ivan Allen, which was the decision of the Supreme Court holding that the accumulated earnings tax is a penalty and should be strictly construed, was decided after the fact. I'm out of time. Thank you. The case is argued and submitted for decision. Here are the next case, Tate v. PG&E.
judges: Schroeder, Tallman, Callahan